RECEIVED

MAY 9 '06

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

CA06-205 S

| | |
|---|---|
| IN RE: BAUSCH & LOMB<br>RENU MOISTURELOC<br>CONTACT SOLUTION | MDL Docket No. ________ |

**PLAINTIFF, HELEN HREEN'S, MOTION AND MEMORANDUM IN SUPPORT OF TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

On April 21, 2006, Plaintiff Helen Hreen filed an action on behalf of herself and all others similarly situated against Defendant, Bausch & Lomb Incorporated ("Bausch & Lomb") in the Middle District of Florida, presently pending before the Honorable Judge James D. Whittemore, alleging that Bausch & Lomb designed, manufactured and sold, *ReNu*® with *MoistureLoc*®, a defective contact solution ("Defective Product"), which was used by Ms. Hreen and other class members thereby causing past, present and future injury and harm.[1]

Plaintiff, Helen Hreen, files this Motion in Support of Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 and in support thereof states as follows:

**BACKGROUND OF LITIGATION**

1. Defendants designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled, and/or sold the contact lens eye care product known as Bausch & Lomb ReNu® with MoistureLoc® Multi-Purpose Solution.
2. The subject product is a, "multi-purpose solution for cleaning, rinsing, disinfecting, and storing your soft contact lenses." The Defendant claims that, "ReNu Multi-Purpose Solution makes daily lens care easy."

[1] A copy of the *Hreen* Complaint is attached hereto and incorporated herein as Exhibit A.

3. On or about April 10, 2006, the U.S. Food and Drug Administration (FDA) and the Centers for Disease Control and Prevention (CDC) issued a press release, "alerting health care professionals and their patients who wear soft contact lenses to an increasing number of reports in the United States of rare but serious fungal infections in the eye that can cause permanent loss of sight." The press release indicated further that, "[s]ome patients have reported a significant loss of vision, resulting in the need for a corneal transplant." The FDA indicated that a fungus called *Fusarium* was identified as the cause of the reported infections.

4. Thereafter, Bausch & Lomb announced the suspension of shipments of the subject product due to reports of fungal keratitis infections in contact lens wearers who used the subject product.

5. Fungal keratitis is a serious eye infection that can develop through the whole depth of the cornea. Symptoms of fungal keratitis include eye pain, eye discomfort, decrease in vision, and light hypersensitivity. The infection can require prolonged drug therapy with antifungal medication. Those infected with fungal keratitis who do not respond to medical treatment usually require surgical intervention, including corneal transplantation.

6. On or about April 13, 2006, Bausch & Lomb requested that U.S. retailers remove ReNu® with MoistureLoc® from their shelves, and recommended that consumers switch to another lens care solution, until the conclusion of the investigation into reports of fungal keratitis infections among contact lens wearers in the United States.

7. The FDA issued a statement on or about April 14, 2006 supporting Bausch & Lomb's decision to withdraw the subject product from the market during the pending investigation.

8. As a direct and proximate result of their use of the subject product, consumers, including Plaintiff, Helen Hreen, sustained economic damages and/or personal injuries.

**SIMILARLY SITUATED BAUSCH & LOMB CASES**

9. As of the date of this motion, there are at least a dozen (12) civil actions presently pending in federal jurisdictions and three actions pending in Florida federal courts, including two actions pending in the U.S. District Court for the Middle District of Florida.

10. Historically, on April 17, 2006, the national class action case of *Wartmann v. Bausch & Lomb, Inc.* (Case No.: 06cv60532) was filed against Bausch & Lomb, Inc. in the Southern District of Florida, presently pending before the Honorable Judge Alan S. Gold,

11. On April 21, 2006, the underlying action to this motion was filed in the Middle District of Florida, presently pending before the Honorable Judge James D. Whittemore.

12. These cases involving substantially similar claims relating to Bausch & Lomb's Defective Product that both placed thousands of patients at serious risk of past, present and future injury and death; and claims relating to economic losses suffered by consumers.

13. Since of filing of these two complaints, other filings have occurred in the following state's federal courts: New York; Louisiana; South Carolina; Rhode Island; Pennsylvania and Mississippi.

**TRANSFER AND CONSOLIDATION INTO A NEW AND SEPARATE MDL WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LISTED ACTIONS**

14. Transfer, coordination, and/or consolidation of actions is appropriate when (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. Sec. 1407.

15. A review of the complaints filed to date clearly demonstrates common questions of law and fact between the suits. *See* Exhibit B – listing current cases. Each of these actions involves

allegations that ReNu® with MoistureLoc®, used by thousands of consumers, is defective. All of the Actions involve one or more common questions of fact as required by 28 U.S.C. § 1407(a), in that they are premised on virtually identical factual allegations arising from the defective product and the recall of the defective product.

16. The transfer and consolidation of these suits is appropriate, and will serve the convenience of the parties and witnesses and promote judicial economy. National coordination of discovery and other pre-trial efforts will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial. Specifically, consolidation avoids problems such as those caused by a myriad of duplicative discovery demands and redundant depositions in different actions. Consolidation avoids this by enabling a single judge to formulate a pretrial discovery program that minimizes witness inconvenience and overall expense. See *Cooper Tire*, 2001 WL 253115, at *1 (consolidation ordered because "[m]otion practice and relevant discovery will overlap substantially in each action"); *In re Cuisinart Food Processor Antitrust Litig.*, 506 F.Supp 651, 655 (J.P.M.L. 1981)(transfer would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

**MIDDLE DISTRICT OF FLORIDA**

17. Plaintiff, Helen Hreen, respectfully files this motion in support of the consolidation of all genuinely related matters for pretrial proceedings and transfer of the same to the Middle District of Florida, before Judge James D. Whittemore.

18. In prior cases, the Panel has identified advantages in transferring and consolidating cases before a district court in which one of the constituent actions is pending. See *Suzuki Samurai*, 1988 U.S.Dist. LEXIS, at *2; *Dalkon Sheild*, 406 F.Supp. at 542.

19. The Middle District of Florida Clerk's Office has not only the resourceful infrastructure to handle an MDL caseload and a well-managed caseload, but also the experience of several other MDL's.[2] Moreover, according to the 2005 Federal Court Management Statistics, the Middle District of Florida has 15 judgeships with 6613 pending cases equaling approximately 441 cases for each division. Additional reasons further point to the Middle District of Florida, and more particularly Judge James D. Whittemore, as the ideal forum for the Bausch & Lomb MDL.

20. Judge Whittemore, presently serving in the Tampa division of the U.S. District Court for the Middle District of Florida, has the necessary experience to handle complex litigation and is a respected jurist not only in the Middle District of Florida but nationally. Previously a Florida state trial court judge, a federal public defender, and an attorney in private practice who won a criminal case before the U.S. Supreme Court, Judge Whittemore has proven himself as an independent and autonomous Judge of the utmost integrity and has demonstrated an exceptional ability to manage complex litigation matters at the Federal level, including presiding over *In Re: CP Ships Ltd. Securities Litigation (MDL 1656)*. Moreover, Judge Whittemore has presided over a number of high profile cases, including a lawsuit against Major League Baseball to challenge its draft procedure and the Terri Schiavo case.

---

[2] *See i.e.: In Re: American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation (MDL 1698)* (Hon. Henry Lee Adams, Jr.); *In Re: Accutane Products Liability Litigation* (MDL 1626) (Hon. James S. Moody, Jr.); *In Re: GMAC Insurance Management Corp. Overtime Pay Litigation (MDL 1624)* (Hon. Harvey E. Schlesinger); and *In Re: CP Ships Ltd. Securities Litigation (MDL 1656)* (Hon. James D. Whittemore).

21. With his significant experience as a Federal judge, Judge Whittemore is exceptionally qualified to manage this MDL docket.

22. Alternatively, Helen Hreen, would respectfully suggest that the pretrial proceedings be transferred to the Southern District of Florida.

23. Transfer to a federal court within the state of Florida is appropriate given the circumstances of this case, including but not limited to the following facts:

A. Bausch & Lomb has historically had a significant presence throughout the state of Florida, particularly in the Tampa Bay area, currently having its world wide pharmaceutical headquarters in Tampa, Florida; and its world wide surgical headquarters in Clearwater, Florida;[3]

B. Among Bausch & Lomb's five U.S.-based manufacturing facilities, two are located in the Middle District of Florida (Clearwater, Florida and Tampa, Florida)[4];

C. According to the Centers for Disease Control (CDC), "fungal keratitis is a condition more prevalent in warm climates" and, in southern states, 35% of microbial keratitis cases are fungal in nature compared to only 1% in New York;

D. According to the Florida Sun Sentinel and the CDC, nearly 50% of reported *ReNu*® with *MoistureLoc*® related fungal cases have been diagnosed in Florida; and

---

[3] According to prior Bausch & Lomb SEC 10-K filings, the company's properties in Florida "are held in fee and are not subject to major encumbrances" whereas the real property on which the company's vision care facility in Rochester, New York is located is held by leasehold.

[4] The other three U.S.-based manufacturing facilities are located in Rochester, New York, Greenville, South Carolina and St. Louis, Missouri.

E. According to there is a concentration of highly qualified opthamological centers experienced in diagnosing and treating fusarium karatitis in Florida.[5]

F. Bausch & Lomb has been previously been a party to actions transferred by this Panel to the Middle District of Florida. *See In re: Disposable Contact Lens Antitrust Litigation*, 94-MDL-1030-J-20A (filed in June of 1994 by the Florida Attorney General and subsequently including claims by the attorneys general for 21 other states)(pending in the United States District Court for the Middle District of Florida, Jacksonville Division through 2003)(MDL-1030).[6]

WHEREFORE, Plaintiff, Helen Hreen, respectfully files this motion in support of the consolidation of all genuinely related matters for pretrial proceedings and transfer of the same to the Middle District of Florida, before Judge James D. Whittemore.

Respectfully submitted this 5th day of May 2006.

Douglass A. Kreis, Esq. - Florida Bar No.: 0129704
Neil D. Overholtz, Esq. - Florida Bar No.: 0188761
*Aylstock, Witkin & Sasser, PLC*
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503-1909
(850) 916-7450 Phone
(850) 916-7449 Facsimile

[5] This year, *U.S.News & World Report's* survey of randomly selected ophthalmologists rated Bascom Palmer the #1 eye hospital in the country. *Ophthalmology Times*, an industry periodical for and by ophthalmologists, surveyed ophthalmology department chairmen who rated Bascom Palmer's residency program the best in the nation.

[6] In those actions, Bausch & Lomb was accused of a conspiracy with Johnson & Johnson and other manufacturers to eliminate alternate channels of trade from the disposable contact lens market.

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of Plaintiff, Helen Hreen's Motion and Memorandum in Support of Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 and accompanying Schedule of Related Bausch & Lomb ReNu MoistureLoc Contact Solution Actions has been delivered for filing to the clerks of the following federal district courts in which actions are pending that will be affected by this motion, on this 5th day of May 2006:

Clerk of Court
United States District Court
Middle District of Florida
Sam M. Gibbons U.S. Courthouse
801 North Florida Ave.; Suite 218
Tampa, Florida 33602-3800

Clerk of Court
United States District Court
Southern District of Florida
301 North Miami Avenue
Room 150
Miami, FL 33128

Clerk of Court
United States District Court
Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

Clerk of Court
United States District Court
Western District of Pennsylvania
U.S. Post Office & Courthouse
Seventh Avenue & Grant St.
Pittsburgh, PA 15219

Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Clerk of Court
United States District Court
Northern District of Mississippi
301 W. Commerce Street
Aberdeen MS 39730

Clerk of Court
United States District Court
District of South Carolina
Charleston Federal Courthouse
85 Broad Street
Charleston, South Carolina 29401

Clerk of Court
United States District Court
District of Rhode Island
One Exchange Terrace
Federal Building and Courthouse
Providence, RI 02903

I hereby certify that copies of Plaintiff, Helen Hreen's Motion and Memorandum in Support of Transfer and Consolidation Pursuant to 28 U.S.C. § 1407 and accompanying Schedule of Related Bausch & Lomb ReNu MoistureLoc Contact Solution Actions have been mailed to the counsel of record on the attached service list on this 5th day of May 2006.

Douglass A. Kreis, Esq. - Florida Bar No.: 0129704
Neil D. Overholtz, Esq. - Florida Bar No.: 0188761
*Aylstock, Witkin & Sasser, PLC*
4400 Bayou Boulevard, Suite 58
Pensacola, FL 32503-1909
(850) 916-7450 Phone
(850) 916-7449 Facsimile

In Re: Bausch & Lomb ReNu MoistureLoc Contact Solution
Service List

| **Counsel** | **Plaintiff(s)** |
|---|---|
| | |
| Richard Arsenault, Esq.<br>John R. Whaley, Esq.<br>*Neblett Beard & Arsenault*<br>P.O. Box 1190<br>Alexandria, LA 71309-1190<br>318-487-9874 Phone<br>318-561-2591 Facsimile | Marcia Lamarche |
| Daniel E. Becnel, Jr., Esq.<br>Bradley Douglas Becnel, Esq.<br>Holly J. Larmarche, Esq.<br>*Law Offices of Daniel Becnel, Jr.*<br>P.O. Drawer H<br>Reserve, LA 70084<br>985-536-1186 Phone<br>985-536-6445 Facsimile | Marcia Lamarche |
| Christiaan Marcum, Esq.<br>H. Blair Hahn, Esq.<br>*Richardson Patrick Westbrook & Brickman*<br>P.O. Box 1007<br>Mt. Pleasant, SC 29465<br>843-727-6500 Phone<br>843-2166509 Facsimile | Jennifer A. Kohn |
| Miguel Manuel De la O, Esq.<br>Joel Steven Magolnick, Esq.<br>*De La O, Marko, Magolnick & Leyton, PA*<br>3001 SW 3rd Avenue<br>Miami, FL 33128<br>305-285-2000 Phone | Jacqueline Wartmann |
| Peter N. Wasylyk, Esq.<br>*Peter N. Wasylyk Attorney at Law*<br>1307 Chalkstone Avenue<br>Providence, RI 02908<br>401-831-7730 Phone<br>401-861-6064 Facsimile | Barbara M. Cavallaro |

| | |
|---|---|
| Jeffrey P. Ward, Esq.<br>John M. Pierce, Esq.<br>*Cohen & Grigsby*<br>11 Stanwix Street, 15th Floor<br>Pittsburgh, PA 15222-1319<br>412-297-4900 Phone | Ryan Gregg |
| Jason Mark, Esq.<br>*Parker & Waichman*<br>111 Great Neck Road<br>Great Neck, NY 11021<br>516-466-6500 Phone<br>516-466-6665 Facsimile | Kimberly A. Baskin; David Lugo; Wendy Duncombe-Lugo; Mary Joyce Bedwell; Simon Howard Bedwell |
| Casey Langston Lott, Esq.<br>*The Lott Law Firm*<br>P.O. Box 382<br>Booneville, MS 38829<br>662-728-9733 Phone | Joan Lesley |
| Timothy Reese Balducci, Esq.<br>*Langston Law Firm, P.A.*<br>P.O. Box 787<br>Booneville, MS 38829-0787<br>662-728-3138 Phone | Joan Lesley |
| Arthur Abbey, Esq.<br>212 East 39th Street<br>New York, NY 10016<br>212-889-3700 Phone | Nelson Huie |