UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BARBARA M. CAVALLARO, Individually, and on behalf of all others similarly situated, Plaintiff, | Civil Action No.: 1:06-cv-00205-S-LDA |
| v. | |
| BAUSCH & LOMB INCORPORATED, Defendant. | |

**DEFENDANT BAUSCH & LOMB, INC.'S MOTION TO STAY ALL PROCEEDINGS**

Defendant, Bausch & Lomb, Inc. ("Bausch & Lomb") moves this Court to stay all proceedings in this putative class action pending the likely establishment of *In re Bausch & Lomb, Inc. Contact Lens Solution Products Liability Litigation,* MDL No. 1785 and the transfer of this case for coordinated pretrial proceedings. For further grounds of its motions, Bausch & Lomb relies upon its supporting Memorandum of Law, which is filed herewith.

Dated: June 6, 2006

DEFENDANT,
BAUSCH & LOMB, INC.
By its Attorneys,

JOHN A. TARANTINO, #2586
PATRICIA K. ROCHA, #2793
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2006, I caused to be served via first class mail, postage prepaid, a true copy of the within on the following counsel for Plaintiff:

Peter N. Wasylyk, Esq.
1307 Chalkstone Avenue
Providence, RI 02908

Debra Hamm

*383292_1.doc*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| BARBARA M. CAVALLARO, Individually, and on behalf of all others similarly situated, Plaintiff, | ) | Civil Action No.: 1:06-cv-00205-S-LDA |
| v. | ) | |
| BAUSCH & LOMB INCORPORATED, Defendant. | ) | |

**DEFENDANT, BAUSCH & LOMB, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS**

Defendant Bausch & Lomb, Inc. ("Bausch & Lomb") has moved this Court to stay all proceedings in this putative class action pending the likely establishment of *In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation*, MDL No. 1785, and the transfer of this case for coordinated pretrial proceedings. As set forth below, plaintiffs in similar class actions have filed motions with the Judicial Panel On Multidistrict Litigation to establish MDL 1785, and Bausch & Lomb has filed a response, supporting establishment of such a proceeding. Absent a stay, this Court would waste time supervising pretrial proceedings and making rulings in a case over which it will likely soon lose jurisdiction. Moreover, without a stay, Bausch & Lomb would be significantly and unfairly prejudiced because it would be required to engage in duplicative discovery and motions practice in jurisdictions around the country. For these reasons, Bausch & Lomb respectfully requests that its motion for stay be granted.

**BACKGROUND**

Plaintiff in this case seeks to certify a nationwide class action on behalf of all persons in the United States who allegedly have suffered injury as a result of their use of ReNu® with MoistureLoc® contact lens solution and also seeks relief individually for her own alleged injuries. (Complaint ("Compl.") ¶ 1.) Plaintiff asserts claims for negligence, strict liability, breach of express warranty, breach of implied warranties, misrepresentation, and violation of consumer protection statutes, and seeks injunctive and declaratory relief, establishment of a fund for the costs and pain and suffering associated with surgery and treatment of class members' alleged injuries, compensatory damages, treble, exemplary and/or punitive damages, statutory damages, disgorgement, costs, and attorneys fees (Compl. Prayer for Relief) because of personal injuries she allegedly suffered as a result of ReNu® with MoistureLoc®. (Compl. ¶¶ 19, 20.)

This case is one of seventeen putative class actions pending in federal courts around the country involving alleged health risks arising from the use of ReNu® with MoistureLoc®. Each case raises overlapping factual allegations about the safety of ReNu® with MoistureLoc® and asserts similar causes of action to recover for alleged personal injuries, medical monitoring and/or economic losses.

On May 4, 2006, certain plaintiffs who sued Bausch & Lomb over allegations involving ReNu® with MoistureLoc® filed a Motion for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 with the Judicial Panel on Multidistrict Litigation ("JPML" or "MDL Panel"). Since then, two additional similar motions have been filed by other plaintiffs' counsel and Bausch & Lomb has filed a response. (All three motions and Bausch & Lomb's response are attached as **Exhibit A.**) In addition, one federal court has already stayed ReNu® litigation pending a decision on MDL transfer. Attached as **Exhibit B** is the court's order

granting the motion to stay in *Wartmann v. Bausch & Lomb Inc.* The MDL Panel will determine whether the presence of common questions in these cases makes coordination under 28 U.S.C. § 1407 necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Bausch & Lomb expects that the Panel will grant the motion and establish a venue for coordinated pretrial proceedings. When that occurs, this case and the other putative class actions like it will in all likelihood be transferred to the MDL proceeding.

## ARGUMENT

"[A] majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). In considering whether to grant a motion for stay, district courts generally review two factors: (1) whether a stay will promote judicial economy and consistency; and (2) whether either party would be prejudiced by the grant or denial of a stay. *See, e.g., Rivers*, 980 F. Supp. at 1360. Both factors weigh strongly in favor of staying this case.

### A. Judicial Economy And Consistency Of Rulings Favor Granting A Stay

First, a stay is appropriate because it would promote coordination of the ReNu with MoistureLoc® cases and eliminate the potential for conflicting pretrial rulings. *See, e.g., In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, N.Y.*, 965 F. Supp. 5, 7 (S.D.N.Y. 1997). If the cases at issue proceeded in transferor courts around the country pending the JPML's transfer of the cases to a single judge, those courts would duplicate each others' work and reach inconsistent rulings on overlapping motions. For this reason, the majority of courts issue stays pending MDL transfer in situations such as this. *Rivers*, 980 F.

Supp. at 1362. *See also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002) ("by granting the stay, the Court will avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy, and acquired knowledge regarding this action and its pretrial procedures will be wasted."); *American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy").

As other courts have recognized, if the MDL Panel grants the motion to establish MDL 1785 and this case is ultimately transferred to that proceeding, then "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360-61. Additionally, "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360. Moreover, the Court may issue rulings that conflict with those of the MDL transferee court, including ruling on the important procedural question of class certification and any remand motion the plaintiff may file. *See American Seafood*, 1992 WL 102762, at *2 (granting stay because "[t]his Court's rulings on [class certification and dismissal] motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. . . . [J]udicial economy and prejudice to the defendants weigh heavily in favor of the stay.") (citing *Arthur-Magna, Inc. v. Del-Val Financial Corp.*, Civ. A. No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *Portnoy v. Zenith Laboratories*, Civ. A.

No. 86-3512, 1987 WL 10236 (D.D.C. Apr. 21, 1987)). Granting a stay would avoid the risk of inconsistent rulings regarding jurisdictional and other issues, and prevent the waste of judicial resources.

**B. <u>Without A Stay, Bausch & Lomb Will Be Unnecessarily Prejudiced While Plaintiff Will Suffer Minimal Or No Prejudice</u>**

In addition to the waste of judicial resources inherent in proceeding with this action prior to the transfer of this case, Bausch & Lomb would be substantially prejudiced by duplicative discovery and motion practice if a stay were not put in place. *See American Seafood*, 1992 WL 102762, at *2 (prejudice to the defendants weighs heavily in favor of a stay); *Arthur Magna*, 1991 WL 13725, at *1 (even where non-moving party claims that a stay will cause delay and prejudice, "there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"). Without question, this factor warrants granting a stay here.

Bausch & Lomb will suffer hardship if a stay is not issued in this case because it will be subject to redundant discovery requests and will be required to brief similar issues (including class certification) in multiple jurisdictions. Absent a stay, it is likely that the plaintiffs in each case will seek to move along on their own tracks as quickly as possible, notwithstanding the resulting burden on Bausch & Lomb, the inefficient use of judicial resources and the risk of inconsistent outcomes. Coordinating the litigation would enable Bausch & Lomb to respond to discovery in a comprehensive fashion without having to duplicate efforts. "[I]f separate discovery were to go forward, much work would be duplicated." *Id.* Similarly, coordinated proceedings would avoid the need for duplicative briefing on various motions (*e.g.*, motions to dismiss, motions to amend, motions for class certification) that are likely to be filed in the actions.

In contrast, a stay will not prejudice the legitimate interests of plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the nearly identical lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party in the time between issuing the stay and the MDL Panel's consideration of the motion). In short, plaintiff will not be prejudiced by a stay of proceedings in this Court, and considerations of judicial economy and the risk of inconsistent rulings outweigh the possibility of such prejudice.

## CONCLUSION

For the foregoing reasons, Bausch & Lomb respectfully urges this Court to stay all proceedings in this matter pending a determination by the MDL Panel on whether to coordinate pretrial proceedings in this and related cases.

Dated: June 6, 2006

DEFENDANT,
BAUSCH & LOMB, INC.
By its Attorneys,

JOHN A. TARANTINO, #2586
PATRICIA K. ROCHA, #2793
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2006, I caused to be served via first class mail, postage prepaid, a true copy of the within on the following counsel for Plaintiff:

Peter N. Wasylyk, Esq.
1307 Chalkstone Avenue
Providence, RI 02908

*383280_1.doc*