**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BARBARA M. CAVALLARO, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

BAUSCH & LOMB, INCORPORATED,

Defendant.

Civil Action No.: CA 06-205S

**ANSWER AND DEFENSES OF BAUSCH & LOMB, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Bausch & Lomb, Inc. ("Bausch & Lomb"), in response to plaintiff's class action complaint ("Complaint"), by and through its undersigned attorneys, admits, denies and alleges as follows:

**OVERVIEW**

1. Bausch & Lomb denies the allegations in paragraph 1, except Bausch & Lomb admits that plaintiff seeks to certify a class as defined in paragraph 1. Bausch & Lomb further states certification is inappropriate in this matter.

**JURISDICTION AND VENUE**

2. Bausch & Lomb admits that jurisdiction is proper under 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act.

3. The allegations contained in the paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.

## PARTIES

4. Bausch & Lomb denies the allegations contained in paragraph 4 of the Complaint, except Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's residence.

5. Bausch & Lomb admits the allegations contained in paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6. Bausch & Lomb admits the allegations contained in paragraph 6 of the Complaint.

7. In response to paragraph 7, Bausch & Lomb states that the quoted statements speak for themselves.

8. Bausch & Lomb denies the allegations contained in paragraph 8 of the Complaint except it admits that it voluntarily suspended sales of ReNu® with MoistureLoc® in Singapore and Hong Kong in February 2006.

9. Bausch & Lomb denies the allegations contained in paragraph 9 of the Complaint except it admits that fungal keratitis is an eye infection that affects the cornea; that symptoms include eye pain, eye discomfort, decrease in vision and light hypersensitivity and that fungal keratitis is sometimes treated with antifungal medications.

10. Bausch & Lomb denies the allegations contained in paragraph 10 of the Complaint except that any reports by health officials in Singapore, Hong Kong or Malaysia speak for themselves.

11. Bausch & Lomb denies the allegations contained in paragraph 11 of the Complaint except that the contents of the referenced article speak for themselves.

12. Bausch & Lomb denies the allegations contained in paragraph 12 of the Complaint except that any statements by the Hong Kong government speak for themselves.

13. Bausch & Lomb denies the allegations contained in paragraph 13 of the Complaint except that the contents of the referenced article speak for themselves.

14. Bausch & Lomb denies the allegations contained in paragraph 14 of the Complaint except it admits that it suspended sales of Renu® with MoistureLoc® in Hong Kong and Singapore in February 2006.

15. Bausch & Lomb denies the allegations contained in paragraph 15 of the Complaint except that the contents of any press release issued by the Singapore Ministry of Health speak for themselves.

16. Bausch & Lomb denies the allegations contained in paragraph 16 of the Complaint except that the referenced report speaks for itself.

17. Bausch & Lomb denies the allegations contained in paragraph 17 of the Complaint except that the contents of any reports by the CDC speak for themselves.

18. Bausch & Lomb denies the allegations contained in paragraph 18 of the Complaint except that the contents of any reports by the CDC speak for themselves.

19. Bausch & Lomb denies the allegations contained in paragraph 19 of the Complaint except that the contents of any reports by the CDC speak for themselves.

20. Bausch & Lomb denies the allegations contained in paragraph 20 of the Complaint.

21. Bausch & Lomb denies the allegations contained in paragraph 21 of the Complaint except that the contents of the FDA and CDC press releases speak for themselves.

22. Bausch & Lomb denies the allegations contained in paragraph 22 of the Complaint except it admits that it suspended shipments of ReNu® with MoistureLoc® in April 2006.

23. Bausch & Lomb admits the allegations contained in paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Bausch & Lomb states that any statements issued by the FDA speak for themselves.

25. Bausch & Lomb denies the allegations contained in paragraph 25 of the Complaint.

26. Bausch & Lomb denies the allegations contained in paragraph 26 of the Complaint.

27. Bausch & Lomb denies the allegations contained in paragraph 27 of the Complaint.

28. Bausch & Lomb denies the allegations contained in paragraph 28 of the Complaint.

## CLASS DEFINITIONS

29. Bausch & Lomb admits that plaintiff seeks to certify a class as defined in paragraph 29 but denies that certification is appropriate in this matter.

30. Bausch & Lomb admits that plaintiff seeks to exclude from the proposed class the individuals identified in paragraph 30 of the Complaint and its subparts but denies that class certification in appropriate in this matter.

## CLASS ALLEGATIONS

31. Bausch & Lomb denies the allegations contained in paragraph 31 of the Complaint.

32. Bausch & Lomb denies the allegations in paragraph 32 of the Complaint and its subparts.

33. Bausch & Lomb denies the allegations contained in paragraph 33 of the Complaint.

34. Bausch & Lomb denies the allegations contained in paragraph 34 of the Complaint.

35. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Bausch & Lomb denies the allegations contained in paragraph 36 of the Complaint.

## ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

37. Bausch & Lomb denies the allegations contained in paragraph 37 of the Complaint.

38. Bausch & Lomb denies the allegations contained in paragraph 38 of the Complaint.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION - NEGLIGENCE

39. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-38, above.

40. Bausch & Lomb denies the allegations in Paragraph 40 and states that is complied with any duties required by law.

41. Bausch & Lomb denies the allegations in Paragraph 41.

42. Bausch & Lomb denies the allegations contained in paragraph 42 of the Complaint.

43. Bausch & Lomb denies the allegations contained in paragraph 43 of the Complaint.

44. Bausch & Lomb denies the allegations contained in paragraph 44 of the Complaint.

45. Bausch & Lomb denies the allegations contained in paragraph 45 of the Complaint.

46. Bausch & Lomb denies the allegations contained in paragraph 46 of the Complaint.

## SECOND CAUSE OF ACTION - STRICT LIABILITY

47. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-46, above.

48. Bausch & Lomb denies the allegations in paragraph 48 of the Complaint.

49. Bausch & Lomb denies the allegations in paragraph 49 of the Complaint.

50. Bausch & Lomb denies the allegations in paragraph 50 of the Complaint.

51. Bausch & Lomb denies the allegations in paragraph 51 of the Complaint.

52. Bausch & Lomb denies the allegations in paragraph 52 of the Complaint.

53. Bausch & Lomb denies the allegations in paragraph 53 of the Complaint.

54. Bausch & Lomb denies the allegations in paragraph 54 of the Complaint.

55. Bausch & Lomb denies the allegations in paragraph 55 of the Complaint.

56. Bausch & Lomb denies the allegations in paragraph 56 of the Complaint.

**THIRD CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY**

57. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-56, above.

58. Bausch & Lomb denies the allegations contained in paragraph 58 of the Complaint.

59. Bausch & Lomb denies the allegations contained in paragraph 59 of the Complaint.

60. Bausch & Lomb denies the allegations contained in paragraph 60 of the Complaint.

61. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Bausch & Lomb denies the allegations contained in paragraph 62 of the Complaint.

63. Bausch & Lomb denies the allegations contained in paragraph 63 of the Complaint.

64. Bausch & Lomb denies the allegations contained in paragraph 64 of the Complaint.

**FOURTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTIES**

65. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-64, above.

66. In response to paragraph 66, Bausch & Lomb admits that it designed, manufactured and distributed ReNu® with MoistureLoc® prior to withdrawing it from the market.

67. The allegations contained in the paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Bausch & Lomb denies each and every allegation contained in said paragraph.

68. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Bausch & Lomb denies the allegations contained in paragraph 69 of the Complaint.

70. Bausch & Lomb denies the allegations contained in paragraph 70 of the Complaint.

71. Bausch & Lomb denies the allegations contained in paragraph 71 of the Complaint.

**FIFTH CAUSE OF ACTION - MISREPRESENTATION**

72. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-71, above.

73. Bausch & Lomb denies the allegations contained in paragraph 73 of the Complaint.

74. Bausch & Lomb denies the allegations contained in paragraph 74 of the Complaint.

75. Bausch & Lomb denies the allegations contained in paragraph 75 of the Complaint.

76. Bausch & Lomb denies the allegations contained in paragraph 76 of the Complaint.

77. Bausch & Lomb denies the allegations contained in paragraph 77 of the Complaint.

78. Bausch & Lomb denies the allegations contained in paragraph 78 of the Complaint.

79. Bausch & Lomb denies the allegations contained in paragraph 79 of the Complaint.

80. Bausch & Lomb denies the allegations contained in paragraph 80 of the Complaint.

81. Bausch & Lomb denies the allegations contained in paragraph 81 of the Complaint.

82. Bausch & Lomb denies the allegations contained in paragraph 82 of the Complaint.

**SIXTH CAUSE OF ACTION - VIOLATION OF CONSUMER PROTECTION STATUTES**

83. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-82, above.

84. The allegations contained in the paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required.

85. Bausch & Lomb denies the allegations contained in paragraph 85 of the Complaint.

86. Bausch & Lomb denies the allegations contained in paragraph 86 of the Complaint.

87. The allegations regarding Rhode Island and District of Columbia law contained in the paragraph 87 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Bausch & Lomb denies each and every allegation contained in said paragraph. Bausch & Lomb denies the remaining allegations contained in paragraph 87 of the Complaint.

88. Bausch & Lomb denies the allegations contained in paragraph 88 of the Complaint.

89. Bausch & Lomb denies the allegations contained in paragraph 89 of the Complaint.

**SEVENTH CAUSE OF ACTION - NEGLIGENCE**

**(Plaintiff Individually for her own Injuries)**

90. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-89, above.

91. Bausch & Lomb denies the allegations contained in paragraph 91 of the Complaint.

92. Bausch & Lomb denies the allegations contained in paragraph 92 of the Complaint.

93. Bausch & Lomb denies the allegations contained in paragraph 93 of the Complaint.

94. Bausch & Lomb denies the allegations contained in paragraph 94 of the Complaint.

95. Bausch & Lomb denies the allegations contained in paragraph 95 of the Complaint.

96. Bausch & Lomb denies the allegations contained in paragraph 96 of the Complaint.

97. Bausch & Lomb denies the allegations contained in paragraph 97 of the Complaint.

**EIGHTH CAUSE OF ACTION - STRICT LIABILITY**

**(Plaintiff Individually for her own Injuries)**

98. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-97, above.

99. Bausch & Lomb denies the allegations contained in paragraph 99 of the Complaint.

100. Bausch & Lomb denies the allegations contained in paragraph 100 of the Complaint.

101. Bausch & Lomb denies the allegations contained in paragraph 101 of the Complaint.

102. Bausch & Lomb denies the allegations contained in paragraph 102 of the Complaint.

103. Bausch & Lomb denies the allegations contained in paragraph 103 of the Complaint.

104. Bausch & Lomb denies the allegations contained in paragraph 104 of the Complaint.

105. Bausch & Lomb denies the allegations contained in paragraph 105 of the Complaint.

106. Bausch & Lomb denies the allegations contained in paragraph 106 of the Complaint.

107. Bausch & Lomb denies the allegations contained in paragraph 107 of the Complaint.

## NINTH CAUSE OF ACTION - BREACH OF EXPRESS WARRANTY

**(Plaintiff Individually for her own Injuries)**

108. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-107, above.

109. Bausch & Lomb denies the allegations contained in paragraph 109 of the Complaint.

110. Bausch & Lomb denies the allegations contained in paragraph 110 of the Complaint.

111. Bausch & Lomb denies the allegations contained in paragraph 111 of the Complaint.

112. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Complaint.

113. Bausch & Lomb denies the allegations contained in paragraph 113 of the Complaint.

114. Bausch & Lomb denies the allegations contained in paragraph 114 of the Complaint.

115. Bausch & Lomb denies the allegations contained in paragraph 115 of the Complaint.

**TENTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTIES**

**(Plaintiff Individually for her own Injuries)**

116. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-115, above.

117. In response to paragraph 117, Bausch & Lomb admits that it designed, manufactured and distributed ReNu® with MoistureLoc® prior to withdrawing it from the market.

118. Bausch & Lomb denies the allegations contained in paragraph 118 of the Complaint.

119. Bausch & Lomb is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119 of the Complaint.

120. Bausch & Lomb denies the allegations contained in paragraph 120 of the Complaint.

121. Bausch & Lomb denies the allegations contained in paragraph 121 of the Complaint.

122. Bausch & Lomb denies the allegations contained in paragraph 122 of the Complaint.

**ELEVENTH CAUSE OF ACTION - MISREPRESENTATION**

**(Plaintiff Individually for her own Injuries)**

123. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-122, above.

124. Bausch & Lomb denies the allegations contained in paragraph 124 of the Complaint.

125. Bausch & Lomb denies the allegations contained in paragraph 125 of the Complaint.

126. Bausch & Lomb denies the allegations contained in paragraph 126 of the Complaint.

127. Bausch & Lomb denies the allegations contained in paragraph 127 of the Complaint.

128. Bausch & Lomb denies the allegations contained in paragraph 128 of the Complaint.

129. Bausch & Lomb denies the allegations contained in paragraph 129 of the Complaint.

130. Bausch & Lomb denies the allegations contained in paragraph 130 of the Complaint.

131. Bausch & Lomb denies the allegations contained in paragraph 131 of the Complaint.

132. Bausch & Lomb denies the allegations contained in paragraph 132 of the Complaint.

133. Bausch & Lomb denies the allegations contained in paragraph 133 of the Complaint.

**TWELFTH CAUSE OF ACTION – VIOLATION OF CONSUMER PROTECTION STATUTES**

**(Plaintiff Individually for her own Injuries)**

134. Bausch & Lomb incorporates by reference herein its denials, admissions and allegations set forth in paragraphs 1-133, above.

135. The allegations contained in the paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.

136. Bausch & Lomb denies the allegations contained in paragraph 136 of the Complaint.

137. Bausch & Lomb denies the allegations contained in paragraph 137 of the Complaint.

138. The allegations regarding Rhode Island and District of Columbia law contained in the paragraph 138 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Bausch & Lomb denies each and every allegation contained in said paragraph. Bausch & Lomb denies the remaining allegations contained in paragraph 138 of the Complaint.

139. Bausch & Lomb denies the allegations contained in paragraph 139 of the Complaint.

140. Bausch & Lomb denies the allegations contained in paragraph 140 of the Complaint.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Bausch & Lomb denies each and every allegation in the Prayer for Relief of Plaintiff's Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Bausch & Lomb.

### SECOND DEFENSE

Bausch & Lomb states that the contact lens solution that it designs, manufactures, and distributes is free from all defects at the time it leaves the care, custody, and control of Bausch & Lomb and is reasonably fit for its intended and reasonably anticipated use.

### THIRD DEFENSE

All contact lens solution that is designed, manufactured, and distributed by Bausch & Lomb meets all applicable Food and Drug Administration standards.

### FOURTH DEFENSE

If Bausch & Lomb is deemed to be the manufacturer of the subject contact lens solution, either factually or legally, then Bausch & Lomb would show that at the time the contact lens solution left its care, custody, and control, Bausch & Lomb did not know and, in light of then-existing, reasonably available scientific and technological knowledge, could not have known of the design characteristic that allegedly caused plaintiff's loss and/or damage or the danger of such characteristic, nor could Bausch & Lomb have known of any alternative design that may be identified by plaintiff.

### FIFTH DEFENSE

The contact lens solution of plaintiff and others claimed to be members of the purported class complied with state-of-the-art technology at the time of manufacture and at the time of original retail sale.

**SIXTH DEFENSE**

Plaintiff and others claimed to be members of the purported class lack standing to assert claims under the Complaint because they have alleged no cognizable injury.

**SEVENTH DEFENSE**

The claims of plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, by the doctrine of assumption of risk.

**EIGHTH DEFENSE**

The claims of plaintiff and others claimed to be members of the purported class may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose.

**NINTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may have misused the contact lens solution involved in this case.

**TENTH DEFENSE**

There is no causal relationship between Bausch & Lomb's conduct and the injuries and damages alleged by plaintiff in the Complaint.

**ELEVENTH DEFENSE**

To the extent plaintiff or others claimed to be members of the purported class are also plaintiffs in pending actions previously filed against Bausch & Lomb, their claims in this action should be dismissed or stayed in favor of the previously filed actions.

**TWELFTH DEFENSE**

Plaintiff and others claimed to be members of the purported class who experienced no manifestation of the alleged defect have no claim against Bausch & Lomb upon which relief may be granted.

**THIRTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because they have made statements or taken actions that estop them from asserting their claims.

**FOURTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**FIFTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because of the collateral estoppel effect of prior judgments.

**SIXTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments, on parts of some or all claims asserted herein.

**SEVENTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, by release as to those claims.

**EIGHTEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery, on the grounds that they are subject to the defense of accord and satisfaction.

**NINETEENTH DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery on the ground that Bausch & Lomb has discharged its obligations to such claimants.

**TWENTIETH DEFENSE**

Plaintiff and others claimed to be members of the putative class may be barred, in whole or in part, from recovery by the doctrine of laches.

**TWENTY-FIRST DEFENSE**

Plaintiff and others claimed to be members of the putative class may be barred, in whole or in part, from recovery by the doctrine of unclean hands.

**TWENTY-SECOND DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery due to spoliation of evidence.

**TWENTY-THIRD DEFENSE**

The claims of plaintiff and others claimed to be members of the purported class may be preempted, in whole or in part, by federal law.

**TWENTY-FOURTH DEFENSE**

Plaintiff may not maintain this action as described in the Complaint as a class action.

**TWENTY-FIFTH DEFENSE**

To the extent that plaintiff seek punitive damages, without qualification or limitation, this claim violates Bausch & Lomb's due process under the United States Constitution.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims for punitive damages are barred and/or limited by the Due Process Clause of the United States Constitution and Art. 1, sec. 2 and Art. 1, sec. 12 of the Constitution of the State of Rhode Island.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs have failed to state a claim for punitive damages against Defendant Bausch & Lomb upon which relief can be granted.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs are not entitled to punitive damages from Bausch & Lomb pursuant to the facts as alleged in the Complaint.

**TWENTY-NINTH DEFENSE**

Imposition of punitive damages against Bausch & Lomb in this case would contravene the Commerce Clause of the United States Constitution in that such an award, if imposed, would constitute an undue and unreasonable burden on interstate commerce.

**THIRTIETH DEFENSE**

Plaintiff and some members of the purported class who misused and/or abused the contact lens solution that they claim is defective, or who otherwise were contributorily or comparatively negligent, are barred, in whole or in part, from recovery.

**THIRTY-FIRST DEFENSE**

Plaintiff and others claimed to be members of the purported class whose allegedly defective contact lens solution has been altered are barred, in whole or in part, from recovery.

**THIRTY-SECOND DEFENSE**

Plaintiff and others claimed to be members of the purported class may be barred, in whole or in part, from recovery because the alleged problems in their contact lens solution involved an intervening cause or were attributable, in whole or in part, to a cause other than the contact lens defect alleged in the Complaint.

**THIRTY-THIRD DEFENSE**

Some or all of plaintiffs' claimed damages and/or injuries are or may be subject to the defense of failure to mitigate damages.

WHEREFORE, Bausch & Lomb prays that the Court determine and adjudge:

(a) that this suit cannot be maintained as a class action;

(b) that the Complaint be dismissed on the merits;

(c) that plaintiff takes nothing by the Complaint;

(d) that Bausch & Lomb be awarded its costs, disbursements and attorneys' fees and expenses incurred herein; and

(e) that Bausch & Lomb be awarded such other and further relief as the Court may deem proper.

**Bausch & Lomb demands a trial by jury.**

Dated: June 9, 2006

DEFENDANT,
BAUSCH & LOMB, INCORPORATED
By its Attorneys,

JOHN A. TARANTINO, #2586
PATRICIA K. ROCHA, #2793
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2006, I caused to be served via first class mail, postage prepaid, a true copy of the within on the following counsel for Plaintiff:

Peter N. Wasylyk, Esq.
1307 Chalkstone Avenue
Providence, RI 02908

*383232_1.doc*