JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2006

FILED
CLERK'S OFFICE

***RELEASED FOR PUBLICATION***

***DOCKET NO. 1785***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

# *IN RE BAUSCH & LOMB INC. CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION*

***BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL***

## *TRANSFER ORDER*

This litigation currently consists of ten actions as follows: two actions in the Eastern District of New York, and one action each in the Middle District of Florida, the Southern District of Florida, the Western District of Louisiana, the Northern District of Mississippi, the Southern District of New York, the Western District of Pennsylvania, the District of Rhode Island, and the District of South Carolina as listed on the attached Schedule A.[1] Plaintiffs in four actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of New York, the Western District of Louisiana or the Southern District of Florida. Plaintiff in the Middle District of Florida action filed a second motion seeking Section 1407 centralization in either the Middle or Southern District of Florida. No responding party opposes centralization; the parties disagree, however, regarding the selection of a transferee district. Defendant Bausch & Lomb, Inc. (B&L) supports transfer to the Western District of New York or, alternatively, the District of South Carolina. Plaintiff in a potential tag-along action in the Eastern District of California supports transfer to the Southern District of West Virginia. Plaintiff in a Southern District of California potential tag-along action supports transfer to either the Western District of Louisiana or the District of Puerto Rico. Plaintiff in the District of Rhode Island action supports transfer to the Middle District of Florida. Plaintiff in a Southern District of Florida potential tag-along action supports transfer to the Southern District of Florida. Plaintiffs in two potential tag-along actions pending, respectively, in the Middle and Southern

---

* Judge Miller did not participate in the decision of this matter.

[1] The Section 1407 motion, as originally filed, also pertained to an additional action that was then pending in the Eastern District of New York. Subsequently that action was voluntarily dismissed, thus mooting the question of Section 1407 transfer with respect to that action. Additionally, the Panel has been notified of 41 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Districts of Florida support transfer to either of those districts. Plaintiffs in the Northern District of Mississippi action and a potential tag-along action in the Eastern District of Pennsylvania support transfer to the Eastern District of Pennsylvania. Plaintiffs in two potential tag-along actions in the District of Puerto Rico support transfer to the District of Puerto Rico. Plaintiff in the District of South Carolina action supports transfer to the District of South Carolina. Plaintiff in a Central District of California potential tag-along action supports transfer to the Central or Southern District of California. Plaintiff in a Southern District of Indiana potential tag-along action supports transfer to the Southern District of Indiana or, alternatively, the Eastern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions concern the B&L lens care solution ReNu with MoistureLoc, which B&L withdrew from the market after its use was reported to be associated with a certain type of eye infection, fungal keratitis. Among other things, these actions share factual allegations regarding i) the development, testing, manufacturing and marketing of Renu with MoistureLoc; and ii) B&L's knowledge concerning Renu with MoistureLoc's alleged adverse effects, in particular, the potential for this product to cause fungal keratitis. All actions seek damages for personal injury and/or economic injury on behalf of users of ReNu with MoistureLoc (several actions are brought on behalf of a putative nationwide class), and assert various state law claims, such as negligence, products liability, breach of warranties, and negligent and/or fraudulent misrepresentation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of South Carolina is an appropriate transferee district for this litigation. Relevant discovery may be found in this district, inasmuch as B&L has a manufacturing facility located there. Moreover, transfer to the District of South Carolina provides a logical situs in regard to the geographic dispersal of the constituent and potential tag-along actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1785 -- In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation

Middle District of Florida

*Helen Hreen v. Bausch & Lomb, Inc.*, C.A. No. 8:06-735

Southern District of Florida

*Jacqueline Wartmann v. Bausch & Lomb, Inc.*, C.A. No. 0:06-60532

Western District of Louisiana

*Marcia Lamarche v. Bausch & Lomb, Inc.*, C.A. No. 6:06-669

Northern District of Mississippi

*Joan Lesley v. Bausch & Lomb, Inc.*, C.A. No. 1:06-132

Eastern District of New York

*Kimberly A. Beskin v. Bausch & Lomb, Inc.*, C.A. No. 1:06-1749
*Mary Joyce Bedwell, et al. v. Bausch & Lomb, Inc.*, C.A. No. 1:06-1858

Southern District of New York

*Nelson Huie v. Bausch & Lomb, Inc.*, C.A. No. 1:06-2911

Western District of Pennsylvania

*Ryan Gregg v. Bausch & Lomb, Inc.*, C.A. No. 2:06-554

District of Rhode Island

*Barbara M. Cavallaro v. Bausch & Lomb, Inc.*, C.A. No. 1:06-205

District of South Carolina

*Jennifer A. Kohn v. Bausch & Lomb, Inc.*, C.A. No. 2:06-1321

RULE 1.6: TRANSFER OF FILES

(a) Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

(b) If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c) If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d) Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e) The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.