A CERTIFIED TRUE COPY
AUG 14 2006
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

RECEIVED
AUG 16 2006
LARRY W. PROPES, CLERK
CHARLESTON, SC

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
AUG 14 2006
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

***DOCKET NO. 1785***

9:2055

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE BAUSCH & LOMB INC. CONTACT LENS SOLUTION PRODUCTS LIABILITY LITIGATION***

***BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL***

***TRANSFER ORDER***

This litigation currently consists of ten actions as follows: two actions in the Eastern District of New York, and one action each in the Middle District of Florida, the Southern District of Florida, the Western District of Louisiana, the Northern District of Mississippi, the Southern District of New York, the Western District of Pennsylvania, the District of Rhode Island, and the District of South Carolina as listed on the attached Schedule A.[1] Plaintiffs in four actions move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of New York, the Western District of Louisiana or the Southern District of Florida. Plaintiff in the Middle District of Florida action filed a second motion seeking Section 1407 centralization in either the Middle or Southern District of Florida. No responding party opposes centralization; the parties disagree, however, regarding the selection of a transferee district. Defendant Bausch & Lomb, Inc. (B&L) supports transfer to the Western District of New York or, alternatively, the District of South Carolina. Plaintiff in a potential tag-along action in the Eastern District of California supports transfer to the Southern District of West Virginia. Plaintiff in a Southern District of California potential tag-along action supports transfer to either the Western District of Louisiana or the District of Puerto Rico. Plaintiff in the District of Rhode Island action supports transfer to the Middle District of Florida. Plaintiff in a Southern District of Florida potential tag-along action supports transfer to the Southern District of Florida. Plaintiffs in two potential tag-along actions pending, respectively, in the Middle and Southern

---

* Judge Miller did not participate in the decision of this matter.

[1] The Section 1407 motion, as originally filed, also pertained to an additional action that was then pending in the Eastern District of New York. Subsequently that action was voluntarily dismissed, thus mooting the question of Section 1407 transfer with respect to that action. Additionally, the Panel has been notified of 41 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A TRUE COPY
Attest: Larry W. Propes
By: Lisa Pickens
Deputy Clerk

Districts of Florida support transfer to either of those districts. Plaintiffs in the Northern District of Mississippi action and a potential tag-along action in the Eastern District of Pennsylvania support transfer to the Eastern District of Pennsylvania. Plaintiffs in two potential tag-along actions in the District of Puerto Rico support transfer to the District of Puerto Rico. Plaintiff in the District of South Carolina action supports transfer to the District of South Carolina. Plaintiff in a Central District of California potential tag-along action supports transfer to the Central or Southern District of California. Plaintiff in a Southern District of Indiana potential tag-along action supports transfer to the Southern District of Indiana or, alternatively, the Eastern District of New York.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of South Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions concern the B&L lens care solution ReNu with MoistureLoc, which B&L withdrew from the market after its use was reported to be associated with a certain type of eye infection, fungal keratitis. Among other things, these actions share factual allegations regarding i) the development, testing, manufacturing and marketing of Renu with MoistureLoc; and ii) B&L's knowledge concerning Renu with MoistureLoc's alleged adverse effects, in particular, the potential for this product to cause fungal keratitis. All actions seek damages for personal injury and/or economic injury on behalf of users of ReNu with MoistureLoc (several actions are brought on behalf of a putative nationwide class), and assert various state law claims, such as negligence, products liability, breach of warranties, and negligent and/or fraudulent misrepresentation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Panel is persuaded that the District of South Carolina is an appropriate transferee district for this litigation. Relevant discovery may be found in this district, inasmuch as B&L has a manufacturing facility located there. Moreover, transfer to the District of South Carolina provides a logical situs in regard to the geographic dispersal of the constituent and potential tag-along actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of South Carolina are transferred to the District of South Carolina and, with the consent of that court, assigned to the Honorable David C. Norton for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

s/ Terrell Hodges

Wm. Terrell Hodges
Chairman